E.VANESSA ASSAE-BILLE (NY Bar No. 5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
BENJAMIN CLARK (IL Bar No. 6316861)
E-mail: benjamin.clark@cfpb.gov
Phone: (202) 435-7871
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Petitioner*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> Petitioner, <br><br> v. <br><br> FINANCIAL ASSET MANAGEMENT, INC., <br><br> Respondent. | Case No. 2:23-mc-382 <br><br> **PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND AND SUPPORTING MEMORANDUM** |

The Consumer Financial Protection Bureau (Bureau) petitions this Court for an order directing Financial Asset Management, Inc. (FAMI) to show cause as to why it should not comply fully with the Bureau's civil investigative demand (CID). The Bureau is an independent federal agency charged with regulating the offering and provision of consumer financial products and services, as well as protecting consumers from unfair, deceptive, and abusive acts and practices. 12 U.S.C. §§ 5491(a), 5511. To fulfill this purpose, the Consumer Financial Protection Act of 2010 (CFPA) authorizes the Bureau to issue a CID to any entity it has reason to believe may have information relevant to a violation of federal consumer financial law. 12 U.S.C. § 5562(c)(1). A summary proceeding is necessary so the Bureau may thoroughly conduct its investigation. As set forth below, the Bureau has authority to issue the CID to FAMI, and this Court has authority to enforce it. Accordingly, the Bureau respectfully asks this Court to enter an

order requiring FAMI to show cause as to why it should not comply with the CID and, thereafter, enter an order requiring full compliance.

## JURISDICTION AND VENUE

The CFPA authorizes the Bureau to file a petition for an order to enforce the CID in the federal district court where the CID recipient "resides, is found, or transacts business." 12 U.S.C. § 5562(e)(1); 12 C.F.R. § 1080.10(b)(1). This Court has subject-matter jurisdiction under § 1052(h)(1) of the CFPA. 12 U.S.C. § 5562(h)(1). And venue is proper because FAMI is located, resides, and does business in the District of Utah.

## STATEMENT OF FACTS

FAMI is a corporation that provides short-term, small-dollar, and installment loans to consumers. On December 16, 2022, the Bureau issued to FAMI a CID via e-mail, as part of an investigation into possible violations of the CFPA. Assae-Bille Decl. ¶ 6; *see* 12 U.S.C. § 5562(c)(8). The CID required FAMI to respond to six interrogatories, four requests for written reports, and nineteen requests for documents by January 26, 2023. *Id*., Ex. A.

The parties met and conferred by telephone on December 29, 2022 and again on January 6, 2023 and January 9, 2023 to discuss and attempt to resolve all issues regarding FAMI's compliance with the CID. During these calls, FAMI indicated an intent to comply with the CID. *Id.* ¶ 7.

On January 18, 2023 and on January 20, 2023, FAMI requested in writing modifications to the CID, including an extension of the deadline to respond to the CID. *Id.* ¶ 8, Ex. B. On February 2, 2023, the Bureau extended the CID compliance date to May 15, 2023, with interim production dates of January 26, 2023; February 13, 2023; February 27, 2023; March 13, 2023; March 20, 2023; March 27, 2023; April 3, 2023; April 24, 2023; and May 8, 2023. *Id.* ¶ 9, Ex. C.

As relevant to this petition, FAMI's responses to Requests for Documents Nos. 15 and 16 (seeking internal communications) were due on March 20, 2023; its responses to Requests for Documents Nos.12 and 13 (seeking loan files and information about loans) and Request for Documents No. 17 (seeking external communications) were due on March 27, 2023; and its

complete response to Request for Documents No. 18 (seeking information about its underwriting "decision engine") was due on April 3, 2023. FAMI's responses to the four Requests for Written Reports (seeking borrower-level, loan-level, payment-level, and note- or memo-level data) were due in four scheduled tranches: March 13, 2023; April 3, 2023, April 24, 2023, and May 15, 2023. And FAMI's response to Interrogatory No. 5 (seeking information about how loans were underwritten) was due on May 15, 2023. *Id*. ¶ 9, Ex. C.

On March 10, 2023, FAMI requested to further extend the deadlines to respond to the CID's four Requests for Written Reports. FAMI represented in its request that it had "completed the initial data pull" and anticipated needing "an additional two to three weeks to review and, if necessary, revise the data pull." *Id*. ¶ 10, Ex. D. On March 15, 2023, the Bureau granted this request by extending the compliance date to May 29, 2023, with interim production dates for responses to these Requests of March 20, 2023; March 27, 2023; April 3, 2023; April 24, 2023; May 15, 2023; and May 29, 2023. *Id*. ¶ 11, Ex. E. In its letter, FAMI did not request extensions to the deadlines for any pending Requests for Documents or Interrogatories. *See* Ex. D.

FAMI made its last production of new information in response to the CID on March 27, 2023. *Id*. ¶¶ 12, 18, Ex. F.[1] To date, FAMI has not produced any responses to any of the Requests for Written Reports; Requests for Documents Nos. 12, 13, 15, 16 and 17; or Interrogatory No. 5. It has also failed to completely respond to Request for Documents No. 18. *Id*. ¶ 19.

On March 31, 2023, FAMI counsel asked the Bureau to halt its investigation of FAMI until the U.S. Supreme Court decides the Bureau's appeal in *Com. Fin. Servs Ass'n., et. al v. CFPB*, 51 F.4th 616 (5th Cir. 2022), *cert. granted*, No. 22-448 (U.S. Feb. 27, 2023) (hereinafter, *CFSA*) (in *CFSA*, the Fifth Circuit held that the Bureau's funding mechanism violates the

---

[1] Although it is not relevant to this petition, for completeness the Bureau notes that FAMI also provided a replacement production for its response to Interrogatory No. 4 on May 12, 2023. Assae-Bille Decl. ¶ 17, Ex. H.

3

Appropriations Clause). *Id*. ¶ 15, Ex. G. This marked the first time that FAMI raised *CFSA* or the specific issue at the center of the *CFSA* appeal—*i.e.*, the Bureau's funding mechanism. *Id.* ¶ 16.

On April 3, 2023, the Bureau informed FAMI counsel that it did not agree to halt its investigation of FAMI, and asked FAMI to confirm its intent to comply with the CID under the modified schedule. *Id*. ¶ 15, Ex. G. On April 3, 2023, FAMI counsel confirmed that FAMI would no longer comply with the modified CID. *Id*. ¶ 15, Ex. G.

Other than the cured response to Interrogatory No. 4, FAMI has not produced responses to the CID since March 27, 2023. *Id*. ¶ 18. This refusal to comply with the CID burdens, delays, and impedes the Bureau's investigation of FAMI's conduct in connection with the provision short-term, small-dollar, or installment loans to consumers.

## ARGUMENT

The law is well-settled that administrative agencies are to be given wide latitude in exercising their power to investigate by subpoena, including investigating by CID. *Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)); *see also EEOC v. Fed. Express Corp.*, 558 F.3d 842, 851 n.3 (9th Cir. 2009); *see also, e.g.*, *FTC v. Ken Roberts Co.*, 276 F.3d 583, 586 (D.C. Cir. 2001); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 470 (2d Cir. 1996); *CFPB v. Ctr. for Excellence in Higher Educ.*, No. 2:19-cv-00877-RJS-CMR, 2022 WL 2718245, at *2 (D. Utah Apr. 20, 2022), *report and recommendation adopted*, 2022 WL 4182301, at *2 (D. Utah Sept. 13, 2022) (unpublished); *Morgan Drexen, Inc. v. CFPB*, 979 F. Supp. 2d. 104, 107 (D.D.C. 2013) (noting that CIDs are a form of administrative subpoena); *FTC v. Mfrs. Hanover Consumer Servs., Inc.*, 543 F. Supp. 1071, 1073 (E.D. Pa. 1982) ("A CID is analogous to an investigative subpoena.").

Judicial enforcement of a CID is appropriate when (1) the CID seeks information within the scope of the agency's investigative authority; (2) the CID seeks information that is relevant to that investigation; (3) the CID is not too indefinite or burdensome; and (4) all administrative prerequisites have been met. *See SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 514 (10th Cir.

1980); *see also*, *e.g., EEOC v. Univ. of N.M.*, 504 F.2d 1296, 1302 (10th Cir. 1974) (applying the standard enumerated in *Morton Salt Co.*, 338 U.S. at 632).

These four criteria are met here.

**A. The CID seeks information within the scope of the Bureau's investigative authority.**

Congress clearly granted the Bureau the authority to investigate in this instance. *See Fed. Express Corp.*, 558 F.3d at 848 (this criterion is met "unless jurisdiction is plainly lacking") (quotation marks and citation omitted); 851 n.3 (collecting cases). The CFPA empowers the Bureau to issue a CID whenever it has reason to believe that "any person . . . may have any information[] relevant to a violation" of "Federal consumer financial law." 12 U.S.C. § 5562(c)(1). A Bureau CID may, among other things, require the recipient to respond to interrogatories, provide written reports, produce documents, and submit tangible things. *Id*. Case law also recognizes that "agencies should remain free to determine, in the first instance, the scope of their own jurisdiction when issuing investigative subpoenas." *Ken Roberts Co.*, 276 F.3d at 586; *see also*, *e.g.*, *FTC v. Complete Merch. Sols., LLC*, No. 2:19-cv-00996-HCN-EJF, 2020 WL 2059847, at *4 (D. Utah Apr. 28, 2020) (unpublished) (finding that the FTC did not "plainly lack jurisdiction or authority to seek the information and documents sought" and that "the plain [statutory] language . . . support[ed] the FTC's position that it ha[d] jurisdiction" over the respondent).

The violations potentially at issue here are plainly within the scope of the Bureau's authority. As required by the CFPA, 12 U.S.C. § 1052(c)(2), the CID contained a Notification of Purpose informing FAMI that the CID was issued as part of an ongoing investigation to determine whether:

> short-term or small-dollar lenders or associated persons, in connection with providing short-term, small-dollar, or installment loans, have: (1) improperly induced borrowers to take out, renew, or refinance loan products that harmed them; (2) misrepresented the full, long-term costs of serially rolling over, renewing or refinancing their loan products; or (3) misrepresented that their loans are short-term obligations despite being structured and serviced in a manner that renders them longer-term obligations for many borrowers, all in a manner that is unfair, deceptive, or abusive in violation of §§ 1031

and 1036 of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536.

Assae-Bille Decl. ¶ 6, Ex. A (CID Notification of Purpose). Short-term, small-dollar, and installment loans offered and provided by FAMI, and the subsequent collection of them, are "consumer financial product[s] or service[s]" under the CFPA. 12 U.S.C. § 5481(5), (15)(A)(i), (15)(A)(x). FAMI is a "covered person" under the CFPA because it has engaged in offering and providing consumer financial products or services. 12 U.S.C. § 5481(6). As a result, if FAMI has improperly induced consumers to borrow these loan products, misrepresented their costs, or mischaracterized them as short-term obligations, then the Bureau could find that FAMI engaged in unfair, deceptive, or abusive acts or practices under the CFPA. 12 U.S.C. §§ 5531(a), 5536(a)(1)(B). The Bureau's investigation thus falls squarely within its authority to investigate violations of federal consumer financial law. 12 U.S.C. §§ 5531(a), 5562(c).

### B. The CID seeks information relevant to the Bureau's investigation.

Relevance is interpreted broadly in the context of enforcing administrative subpoenas. *See FTC v. Texaco, Inc.*, 555 F.2d 862, 871-72 (D.C. Cir. 1977) (en banc). Courts traditionally defer to the investigating agency to determine relevance in the context of an administrative subpoena, which must be enforced if the information sought could be pertinent to a legitimate agency inquiry. *See Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 507-09 (1943); *see also, e.g.*, *Morton Salt Co.*, 338 U.S. at 652. An agency request is relevant as long as it is "relevant to the *investigation*—the boundary of which may be defined quite generally" *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1090 (D.C. Cir. 1992); *see also Enterra Energy, LLC v. SEC*, No. 08-mc-00011, 2008 WL 802999, at *3 (N.D. Okla. March 21, 2008) (unpublished) (explaining that so long as the requested information "'touches a matter under investigation,' it will survive a relevancy challenge") (quoting *EEOC v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982)). In addition, an agency like the Bureau "has a power of inquisition . . . [and] can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Morton Salt Co.*, 338 U.S. at 642-43.

Here, the Bureau's CID seeks information about FAMI's business practices with respect to its provision of and collection on short-term, small-dollar, and installment loans, a consumer financial product or service. Assae-Bille Decl. ¶¶ 4, 6, Ex. A. The information sought in the CID is plainly relevant to a legitimate Bureau inquiry.

**C. The CID requests at issue are not too indefinite or burdensome.**

The CID requests that FAMI has refused to respond to, or to complete its response to, are not too indefinite or burdensome. As one court in this district has previously explained, "[a] demand is not too indefinite when all of the categories of information are sufficiently specific to enable the respondent to understand what information the agency seeks," and that "[a] CID satisfies this element when it clearly identifies the information and documents sought." *Ctr. for Excellence in Higher Educ.*, 2022 WL 2718245, at *4 (internal punctuation marks and citations omitted). "[T]he subpoena must not be so broad that compliance with its terms is unduly burdensome." *Id*. (citation omitted). However, "[s]ome burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest." *Texaco*, 555 F.2d at 882. Thus, "courts have refused to modify investigative subpoenas unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business." *Id*.

Here, the CID seeks information regarding FAMI's operations, marketing practices, performance metrics, communications with consumers, and lending activities. This is specific enough for FAMI to understand the information the Bureau seeks. Indeed, FAMI has already responded to nearly all the CID Interrogatories and several of the Requests for Documents. Since the Bureau issued the CID in December 2022, FAMI has provided the Bureau multiple updates on its progress with respect to the remaining requests, including to the Requests for Written Reports, further indicating that FAMI understands what information the CID seeks and is able to respond. Assae-Bille Decl. ¶¶ 10, 12-14, Exs. D, F.

The Bureau has made reasonable efforts to limit FAMI's compliance burden, consistent with the needs of the investigation. For example, in its January 18, 2023 letter, FAMI

represented that responding to Request for Documents No. 12 (seeking complete loan files) and Request for Documents No. 13 (seeking information related to the complete loan files) would be burdensome because it required the manual collection and processing of hardcopy documents. *Id.* ¶ 8, Ex. B. On February 2, 2023, the Bureau accordingly narrowed the request to exclude hardcopy documents and any title loans, with the understanding that FAMI thus would be producing digital loan-level information, including information that it was "already [collecting] for production in response to the Bureau's Requests for Written Reports." *Id.* ¶ 9, Ex. C. And when FAMI sought, in a March 10, 2023 letter, a second extension of time to respond to the Requests for Written Reports, the Bureau promptly granted the precise dates requested. *Id.* ¶¶ 10-11, Exs. D-E.

      FAMI has confirmed its ability to respond to all but two of the outstanding requests. In its March 10, 2023 request for an extension of the modified CID's deadlines, FAMI represented that it made significant progress in gathering information responsive to the Requests for Written Reports (*i.e.*, noting that FAMI had pulled the responsive data as of March 10, 2023, and anticipated needing "an additional two to three weeks to review and, if necessary, revise the data pull"). Assae-Bille Decl. ¶ 10, Ex. D. In its March 20, 2023 production letter, FAMI represented that it was "continuing to work to complete its production in response to Request for Documents [Nos.] 15 [and] 16," and noted that it anticipated providing responses to Request for Documents No. 16 "relatively soon." *Id.* ¶ 13, Ex. F. And on March 27, 2023, FAMI represented that it was "continuing to work on" Request for Documents No. 17 and anticipated that it would begin a rolling production of responses within two weeks. *Id.* ¶ 14, Ex. F.

      The only two requests with which FAMI has represented it cannot comply are the loan file requests, Requests for Documents Nos. 12 and 13. On March 27, 2023, FAMI informed the Bureau that those requests were too burdensome and sought a modification that would allow for sampling of loan files. *Id.* ¶ 14, Ex. F. But the Bureau had already taken steps to address the burdens raised by FAMI (*e.g.*, by excluding title loans and hardcopy documents from the scope

of the request). *See id*. ¶ 9, Ex. C. In any event, FAMI indicated its intent to stop complying with the CID before the Bureau could address FAMI's modification request. *See id*. ¶ 15, Ex. G.

Given the limited scope of these CID requests, the significant progress that FAMI has represented having made on responding to these requests, and the fact that the Bureau has made reasonable efforts to ease FAMI's compliance burden, the CID is not unduly burdensome.

### D. All administrative prerequisites are met.

The Bureau also followed all the required administrative steps to issue a civil investigative demand. 12 U.S.C. § 5562(c); 12 C.F.R. pt. 1080. On December 16, 2022, a Deputy Assistant Director of the Office of Enforcement issued the CID. The CID was then served on FAMI counsel via e-mail, with consent from FAMI. Assae-Bille Decl. ¶ 6, Ex. A. As required by the CFPA, 12 U.S.C. § 5562(c)(2), the CID also contained a Notification of Purpose apprising FAMI of the nature of the conduct under investigation and applicable provisions of law. Assae-Bille Decl. ¶ 6, Ex. A.

### E. Summary enforcement is proper.

"Questions concerning agency subpoenas should be promptly determined so that the subpoenas, if valid, may be speedily enforced." *SEC v. First Sec. Bank of Utah, N.A.*, 447 F.2d 166, 168 (10th Cir. 1971). Thus, "while the court's function is 'neither minor nor ministerial,' the scope of issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *Texaco*, 555 F.2d at 872 (internal quotations omitted); *see also EEOC v. Dillon Companies, Inc.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (the 10th Circuit will not "encourage or allow . . . a summary subpoena-enforcement proceeding [to turn] into a minitrial"). This Court thus has authority to resolve this enforcement proceeding summarily.

## CONCLUSION

Because the Bureau has shown that its CID is within the Bureau's investigative authority, seeks relevant information, is not too indefinite or burdensome, and was issued pursuant to all

administrative prerequisites, the Bureau has demonstrated that enforcement of the CID is appropriate.

    Therefore, the Bureau respectfully ask that this Court:

1. order FAMI to show cause, in writing, why it should not comply with the Bureau CID issued on December 16, 2022, as modified on February 2, 2023, and March 15, 2023;
2. order FAMI to comply fully with the CID within 14 days;
3. award the Bureau the costs it incurred in maintaining this action; and
4. grant such other relief as this Court deems just and proper.

Dated: June 12, 2023

Respectfully submitted,

ERIC HALPERIN  
Enforcement Director

DEBORAH MORRIS  
Deputy Enforcement Director

EMILY SACHS  
Assistant Litigation Deputy

/s/ E. Vanessa Assae-Bille  
E. VANESSA ASSAE-BILLE  
NY Bar No. 5165501  
E-mail: elisabeth.assae-bille@cfpb.gov  
Telephone: 202-435-7688

BENJAMIN CLARK  
IL Bar No. 6316861  
E-mail: benjamin.clark@cfpb.gov  
Telephone: 202-435-7871

Consumer Financial Protection Bureau  
1700 G Street, NW  
Washington, DC 20552

*Attorneys for Petitioner*  
*Consumer Financial Protection Bureau*