Anthony C. Kaye (Utah Bar No. 8611)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
875 Third Avenue
New York, New York 10022
Tony.Kaye@troutman.com
212-704-6128

Sarah T. Reise (*pro hac vice forthcoming*)
Nathan R. Marigoni (Utah Bar No. 14885)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street NE Suite 3000
Atlanta, Georgia 30308
Sarah.Reise@troutman.com
Nathan.Marigoni@troutman.com
(404) 885-3000
*Attorneys for Respondent*
*Financial Asset Management, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Petitioner,<br><br>v.<br><br>FINANCIAL ASSET MANAGEMENT, INC.,<br><br>Respondent. | **RESPONDENT FINANCIAL ASSET MANAGEMENT, INC.'S MOTION TO STAY PENDING U.S. SUPREME COURT DECISION IN** *COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA LTD. v. CFPB*<br><br>Civil Action No. 2:23-cv-00382-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Respondent Financial Asset Management, Inc. ("FAMI"), by and through its counsel, submits this Motion to Stay Petitioner Consumer Financial Protection Bureau's ("CFPB") enforcement petition (ECF No. 1) pending the U.S. Supreme Court's decision in *CFPB v. Cmty. Fin. Servs. Ass'n of Am.*, No. 22-448 (U.S. Feb. 27, 2023). For the reasons set forth herein, FAMI

159996192v4

respectfully requests that the Court enter an order staying this matter pending the U.S. Supreme Court's decision in *CFPB v. Cmty. Fin. Servs. Ass'n of Am.*, No. 22-448 (U.S. Feb. 27, 2023).

## INTRODUCTION AND RELIEF SOUGHT

Respondent FAMI respectfully moves to stay Petitioner CFPB's Petition to enforce its civil investigative demand ("CID") until the Supreme Court decides whether to affirm the Fifth Circuit's holding in *Cmty. Fin. Servs. Ass'n of Am., Ltd. V. CFPB*, 51 F.4th 616, 623 (5th Cir. 2022) (hereinafter, *CFSA*) that the CFPB's funding mechanism under 12 U.S.C. § 5497 is unconstitutional. If the Supreme Court affirms the Fifth Circuit's decision in its entirety, the CID at issue is likely also unconstitutional, since it almost certainly derives from an unconstitutional funding mechanism. *CFSA*, 51 F.4th at 642 (5th Cir. 2022).

Moreover, a stay would further judicial economy by simplifying the issues before this Court because any substantive response to the Petition will raise the same constitutional issues pending in *CFSA*. Moreover, any stay will be brief, as the Supreme Court will issue its decision before the end of its October 2023 Term. Finally, if the litigation before this Court is allowed to proceed pending the Supreme Court's decision, the prejudice that FAMI and the public will suffer firmly outweighs any prejudice the CFPB may suffer from a minimal delay.

For these reasons, FAMI respectfully requests that this Court this litigation pending the Supreme Court's resolution of *CFSA*.

## BACKGROUND

**I. The CFPB's "Payday Lending Rule" and the Eventual Appeal to the United States Supreme Court.**

In 2017, the CFPB finalized its "Payday, Vehicle Title, and Certain High-Cost Installment Loans" rule (the "Rule"), which required payday lenders to, among other things, confirm a

borrower's ability to pay prior to issuing certain short-term loans. *CFSA*, 51 F.4.th at 624–25. The ability-to-pay provision never went into effect; instead, the Rule was the subject of a lengthy court challenge that resulted in the CFPB revising the Rule to remove the ability-to-repay provision. *Id.* at 625. Nevertheless, the legal battle continued: the *CFSA* plaintiffs challenged the revised Rule on several grounds, including that the CFPB's self-funding mechanism is unconstitutional. *Id.* at 633–43. On October 22, 2022, the Fifth Circuit Court of Appeals agreed that the CFPB is unconstitutionally funded and vacated the Rule in its entirety because it was promulgated with unconstitutionally acquired funds. *Id.*

Amid those proceedings, the CFPB began issuing CIDs to FAMI and several other consumer financial services companies that provide payday and small dollar lending services. *See* Assae-Bille Decl., Ex. A (ECF Doc. No. 1-3); *see also* Ex. 1 (CID issued to Check City Partnership, LLC); Ex. 2 (CID issued to Purpose Financial, Inc.). Each of these CIDs contain nearly identical vague notifications of purpose; FAMI's states broadly that the "purpose of this investigation is to determine whether short-term or small-dollar lenders or associated persons, in connection with providing short-term, small-dollar, or installment loans, have" engaged in certain violations of the Consumer Financial Protection Act. *See* Assae-Bille Decl.*,* Ex. A (ECF Doc. No. 1-3); *see also* Ex. 1; Ex. 2. Rather than target any specific concern related to FAMI's business, the CID instead suggested a wide-ranging investigation into FAMI's entire short-term, small-dollar, and installment loan business. The CID at issue in the Petition (the CFPB's second), is substantial, containing more than 139 total requests (including subparts).

FAMI worked to cooperate with the CFPB's investigation, but in each of its communications with the CFPB, FAMI emphasized that its cooperation "should not be construed

as, and is not intended to be, a waiver of [FAMI's] substantive or procedural rights or privileges." *See, e.g.*, Assae-Bille Decl., Ex. F (ECF Doc. No. 1-8).

On February 27, 2023, the Supreme Court granted certiorari to review the Fifth Circuit's *CFSA* decision. As the CFPB itself has acknowledged, this is an issue with broad implications:

> "Although the [Fifth Circuit's] vacatur affects only the [Payday Lending Rule], the court's sweeping holdings threaten the validity of virtually every action the CFPB has taken in the 12 years since it was created—as well as its ongoing activities."

Petitioner's Letter Brief, *CFSA* (U.S. Nov. 21, 2022). Shortly after the Supreme Court granted *certiorari*, on March 31, 2023, FAMI asked the CFPB to stay its investigation pending the Supreme Court's decision, considering the important and controlling constitutional questions at stake. *See* Assae-Bille Decl., Ex. G (ECF Doc. No. 1-9). The CFPB declined and chose instead to file this action. *See id*.

**II.   The CFPB's February 10, 2023 CID to FAMI.**

While FAMI does not dispute a majority of the facts stated in the CFPB's Petition, the CFPB's description of the CID glosses over the true scope of the CID.

First, to the extent the CFPB's Petition suggests that its investigation is targeted at specific suspected misconduct by FAMI, *see* Pet. At pg. 2, such a suggestion is belied by the fact that the CFPB is currently engaged in *at least* two other materially similar investigations (as discussed above). *See CFPB v. Purpose Financial, Inc.*, Civ. Act. No. 7:23-mc-00406-DCC (D.S.C. June 12, 2023); *CFPB v. Check City Partnership, LLC*, Civ. Act. No. 2:23-cv-00939-JCM-EJY (D. Nev. June 12, 2023).

Second, the CFPB materially understates the sheer volume and scope of the information it has requested from FAMI. *See* Pet. At pg. 2. When considering the subparts and specific data

points requested by the CID, it contains *139 requests* for information. *See* Assae-Bille Decl., Ex. A (ECF Doc. No. 1-3). Additionally, the scope of many of these requests is expansive. As one example, the CFPB's Requests for Written Reports 1-4 seek extensive loan level data *for every small-dollar, short-term, and installment loan originated by FAMI in stores since May 13, 2014*, despite the fact that there is no cause of action the CFPB could bring covering conduct occurring nearly ten years ago. *See id.* at Ex. C (ECF Doc. No. 1-5). As will be discussed if or when FAMI submits a substantive response to the Petition, the remaining requests that the CFPB seeks to compel production are similarly overbroad despite FAMI's best efforts to cooperate and negotiate reasonable modifications.

## STANDARD OF REVIEW

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *See Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (internal citations and quotations omitted). In deciding whether to grant a stay pending resolution of an appeal, courts consider three factors: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *See Fed. Trade Comm'n v.*

*Nudge, LLC*, No. 2:19-CV-00867-DBB-DAO, 2021 WL 254110, at *2 (D. Utah Jan. 26, 2021) (internal quotations omitted).

A district court may stay a case "to abide proceedings in another," *Landis*, 299 U.S. at 254, and a court's use of that authority is particularly appropriate when a "Supreme Court[] decision . . . is likely to simplify a critical legal issue and streamline the district court's consideration of the [issues]." *See Ulery v. AT&T Mobility Servs., LLC*, No. 20-CV-02354-PAB-KMT, 2020 WL 7333835, at *3 (D. Colo. Dec. 12, 2020). At least one district court in this Circuit has granted a short stay that imposed "minimal" prejudice on the nonmovant and predated a forthcoming Supreme Court decision that could have "directly impact[ed]" the district court's analysis of the issues of the lawsuit. *See Cupat v. Palantir Techs., Inc.*, No. 122CV02384CNSSKC, 2023 WL 2585298, at *3 (D. Colo. Mar. 21, 2023) (staying case pending decision in *Slack Technologies, LLC v. Pirani*, 143 S. Ct. 542 (2022), because it served "the orderly course of justice" as the case was "squarely on point" with an issue presented by one of plaintiff's claims and resolution of the case would "simplify" the issues for the court) (internal quotations omitted); *see also Ulery*, 2020 WL 7333835, at *2 (staying discovery pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. July 9, 2020)); *Flying J Inc. v. Spring Commc'ns Co., L.L.P.*, No. 1:99-CV-111-TC, 2006 WL 1473338, at *1 (D. Utah May 22, 2006) (same).

## ARGUMENT

The Court should exercise its inherent discretion to issue a brief stay until the Supreme Court settles the constitutionality of the CFPB's funding mechanism. Resolution of this issue will determine the validity of the instant CID and whether FAMI must continue to comply with the CFPB's expensive and time-consuming requests for information.

### I. Issuance of a Stay Will Promote Judicial Economy and Avoid Inconsistent Results

Granting a stay will promote judicial economy and prevent inconsistent results, irrespective of whether the Supreme Court affirms the Fifth Circuit's decision. The disposition of the *CFSA* appeal will either dispose of this lawsuit in its entirety or simplify it substantially, thus streamlining the litigation and preserving resources for both the parties and the Court.

First, the Supreme Court's *CFSA* decision is potentially case dispositive. The Appropriations Clause, U.S. const. art. I, § 9, cl. 7, enshrines the separation-of-powers principle that only Congress has "power over the federal purse," *CFSA*, 51 F.4th at 637. The Fifth Circuit held that the Appropriations Clause thus "forbid[s]" the executive from "unilaterally spending funds." *Id.* And, unlike most executive agencies which "rely on annual appropriations for funding," the CFPB "simply requisitions from the Federal Reserve an amount 'determined by the Director to be reasonably necessary to carry out' the [CFPB's] functions." *CFSA*, 51 F.4th at 638 (quoting 12 U.S.C. § 5497(a)). Thus, under *CFSA*, the CFPB is "completely off the separation-of-powers books," and this detachment violates the Appropriations Clause. *Id.* at 639.

As the Fifth Circuit explained, there was a "linear nexus" between the CFPB's funding structure and the "challenged action," given that the CFPB relied upon unappropriated funds to promulgate and defend the Rule. *Id.* at 643. Therefore, the Fifth Circuit surmised that the only remedy for the constitutional violation sustained by the *CFSA* plaintiffs was to "rewind[ ]" the CFPB's unlawful action and vacate the Rule. *Id.* at 632 (quoting *Collins v. Yellen*, 141 S. Ct. 1761, 1801 (2021) (Kagan, J., concurring)).

These considerations justify a stay of this action pending the decision in *CFSA*. *See Cupat*, 2023 WL 2585298, at *3; *Ulery*, 2020 WL 7333835, at *2; *Flying J Inc.*, 2006 WL 1473338, at

*1; *see also CFPB v. Law Offices of Crystal Moroney*, Dkt. 20-3471, Dkt. 165 (2d Cir. June 28, 2023) (granting motion to stay issuance of the court's own mandate over the CFPB's objection pending the Supreme Court's decision in *CFSA*); *MoneyGram Int'l, Inc.*, 2022 WL 17547438, at *3.

Second, a short stay pending the Supreme Court's decision in *CFSA* will simplify the matters at issue in this litigation. If this Court denies FAMI's request for a stay, FAMI will submit a substantive and fulsome response to the CFPB's Petition. In that response, FAMI would raise the very constitutional question now before the Supreme Court in *CFSA*. It makes little sense for this Court to decide that complex constitutional issue when the Supreme Court—the "final arbiter of federal law," *Danforth v. Minnesota*, 552 U.S. 264, 291–92 (2008) (Roberts, J., dissenting)—will rule on the same issue in mere months.

Finally, any stay of this matter pending the Supreme Court's decision will be brief and will not disrupt any pending case deadlines. *See Cupat*, 2023 WL 2585298, at *3. The Supreme Court granted certiorari on February 27, 2023, the parties have already filed their principal merits briefs, and oral argument is set for October 3, 2023. *See* Brief for the Petitioners (U.S. May 8, 2023); Brief for the Respondents (U.S. July 3, 2023). The Supreme Court will issue a decision next spring before its October 2023 term ends. Under these circumstances, a short stay is appropriate.

**II. FAMI Will Suffer Hardship and Inequity Absent a Stay and the CFPB Will Suffer No Prejudice.**

The final stay factor—whether the grant or denial of a stay would be unduly prejudicial to the parties—also weighs heavily in FAMI's favor.

If the Court does not grant a stay, FAMI will suffer considerable prejudice. First, in this action, it will devote "significant resources to litigation on [the constitutionality of the CFPB's

-8-
159996192v4

self-funding mechanism,] an issue that stands to be resolved by the Supreme Court [within a relatively short time span]." *See Cupat*, 2023 WL 2585298, at *3 (internal quotations omitted); *see also Pa. St. Troopers Ass'n v. Pawlowski*, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011) ("[I]t is of no benefit to either party to incur substantial costs litigating an issue that the Supreme Court may very well determine is not actionable in the course of these proceedings."). Second, if the Supreme Court affirms the Fifth Circuit in *CFSA*, then FAMI will continue to suffer the harm of responding to the CFPB's investigation, which is almost certainly being conducted using unappropriated funds. *CFSA*, 51 F.4th at 643. Third, FAMI will be unable to recover the money it has expended to-date. *See Taylor v. United States*, 89 F. Supp. 3d 766, 772 (E.D.N.C. 2014) (no "right of action for damages" based upon constitutional violation "against a federal government agency" (citing *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994)); *see also* 5 U.S.C. § 702 (providing a right of review for "person[s] suffering legal wrong because of agency action," but only for "relief *other than* money damages" (emphasis added)). These harms support issuing a stay in this matter.

By contrast, the CFPB will not be prejudiced by a stay. The CFPB's demand for enforcement of the CID will not become stale or time-barred pending that decision. Beyond a ruling by the Supreme Court that the CFPB's self-funding mechanism is unconstitutional, a stay will have no effect whatsoever on the CFPB's ability to achieve its investigatory end after the Court lifts the stay. Although the CFPB has an interest in ensuring that it protects the public from unlawful behavior in the consumer financial services industry, *see* 12 U.S.C. §§ 5531(a), 5536(a)(1)(B), nothing in the CID suggests that FAMI has actually engaged in, or will engage in, any unlawful conduct. *Contra, e.g.*, *CFPB v. TransUnion*, 2023 WL 3605995, at *2 (N.D. Ill. Apr.

13, 2023) (denying stay pending Supreme Court's *CFSA* decision considering "evidence of ongoing violations of" a consent order).

Although the CFPB will endure a momentary delay while this Court awaits guidance from the Supreme Court, any harm resulting from that delay is outweighed greatly by the public's interest in "a decision on an important question of constitutional law," *MoneyGram Int'l, Inc.*, 2022 WL 17547438, at *3, as well as its interest in being free from unlawful government action. Accordingly, the "interests of justice," *Tomco2 Equip. Co. v. Se. Agri-Sys.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008), are best served by ensuring that the public is not subjected to unconstitutional government investigations, and by protecting FAMI from suffering further harm while the Supreme Court decides a significant constitutional issue at the heart of the CFPB's funding structure. *See CFSA*, 51 F.4th at 640.

In any event, "this is not a case where a stay would be indefinite" as the Supreme Court will likely rule on the *CFSA* appeal no later than July 2024. *See Cupat*, 2023 WL 2585298, at 3; *see also Simpson v. Johns*, 2013 WL 588742, at *2 (E.D.N.C. Feb. 13, 2013) ("[E]ven if the delay could be characterized as one that is prejudicial to [the CFPB]," the judicial economy considerations detailed above "outweigh any prejudice that might result."). Thus, a brief stay of this action is appropriate pending the Supreme Court's *CFSA* decision.

## CONCLUSION

For these reasons, FAMI respectfully requests that the Court enter an order granting this Motion and stay all proceedings in the above-captioned action until the Supreme Court opines on the merits of *CFPB v. Cmty. Fin. Servs. Ass'n of Am.*, No. 22-0448 (U.S. Feb. 27, 2023).

-11-

Dated:  July 19, 2023

Respectfully submitted,

<u>*/s/ Nathan R. Marigoni*</u>
Anthony C. Kaye
Nathan R. Marigoni
Sarah T. Reise

*Counsel for Respondent Financial Asset Management, Inc.*

159996192v4

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 19, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the District of Utah using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

DATE:  July 19, 2023             /s/ *Nathan R. Marigoni*
                                 Nathan R. Marigoni

159996192v4