# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU,**<br><br>Petitioner,<br><br>v.<br><br>**FINANCIAL ASSET MANAGEMENT, INC.,**<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-00382-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Respondent Financial Asset Management, Inc.'s ("FAMI"): (1) motion to stay Consumer Financial Protection Bureau's ("CFPB") Petition to Enforce Civil Investigative Demand ("Petition"),[2] and (2) motion for an extension of time to respond to the Petition pending the court's ruling on the motion to stay.[3] Based upon the analysis set forth below, the court grants FAMI's motion to stay and denies as moot FAMI's motion for extension of time.

## BACKGROUND

FAMI provides short-term, small-dollar, and installment loans to consumers. CFPB is the primary enforcer of federal consumer financial laws. CFPB is investigating whether FAMI's

---

[1] ECF No. 5.

[2] ECF No. 8.

[3] ECF No. 9.

lending practices violate federal law. As part of its investigation, CFPB issued a Civil Investigative Demand ("CID") to FAMI.

Under the terms of the CID, FAMI was required to provide certain requested documentation to CFPB. FAMI's compliance date for the CID was extended several times by agreement of the parties. Eventually, however, FAMI requested that CFPB halt its investigation pending the United States Supreme Court's decision in *Community Financial Services Association of America, Ltd. v. Consumer Financial Protection Bureau* ("*CFSA*"). In *CFSA*, the United States Court of Appeals for the Fifth Circuit ruled that CFPB's funding mechanism is unconstitutional.[4] The Supreme Court has granted a petition for writ of certiorari to review the Fifth Circuit's decision.

CFPB refused FAMI's request and, instead, filed the Petition to enforce the CID.[5] The court subsequently issued an order to show cause, as requested by CFPB in the Petition.[6] Later, FAMI filed its motion to stay pending the Supreme Court's decision in *CFSA*[7] and its motion for an extension of time to respond to the Petition pending the court's ruling on the motion to stay.[8] CFPB opposes both of FAMI's motions.[9]

---

[4] *CFSA*, 51 F.4th 616, 635-44 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 978 (2023), *and cert. denied*, 143 S. Ct. 981 (2023).

[5] ECF No. 1.

[6] ECF No. 6.

[7] ECF No. 8.

[8] ECF No. 9.

[9] ECF No. 10; ECF No. 15.

ANALYSIS

As shown below, the court: (I) grants FAMI's motion to stay this case pending the Supreme Court's decision in *CFSA*, and (II) consequently, denies as moot FAMI's motion for an extension of time to respond to the Petition. Each issue is addressed in order below.

I. **The Court Grants FAMI's Motion to Stay This Case Pending the Supreme Court's Decision in *CFSA*.**

The court grants FAMI's motion to stay because the relevant factors weigh in favor of a stay pending the Supreme Court's decision in *CFSA*. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."[10] Further, "[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[11] In determining whether to grant a motion to stay, the court weighs the following factors: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[12] When a party moves to stay a case, it "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."[13]

---

[10] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[11] *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (alteration in original) (quotations and citation omitted).

[12] *Fed. Trade Comm'n v. Nudge, LLC*, No. 2:19-cv-00867-DBB-DAO, 2021 WL 254110, at *2 (D. Utah Jan. 26, 2021) (quotations, citations, and footnote omitted).

[13] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (quotations and citations omitted).

As demonstrated below, staying this case: (A) will promote judicial economy and avoid inconsistent results, and (B) will not create undue prejudice or hardship for CFPB. Accordingly, the court grants FAMI's motion to stay.

    A.  <u>Granting FAMI's Motion to Stay Will Promote Judicial Economy and Avoid Inconsistent Results</u>.

Staying this case will promote judicial economy. As FAMI argues, the Supreme Court's decision on the constitutional issue in *CFSA* will potentially be determinative of this case or, at a minimum, simplify the issues in this case. In response to FAMI's argument, CFPB asserts that this court should resolve the Petition and FAMI's constitutional defense without waiting for the Supreme Court's decision in *CFSA*.[14] In doing so, CFPB disputes the merits of the Fifth Circuit's decision, calling it "an outlier,"[15] and argues that the CFPB's funding mechanism is constitutional.[16] As such, CFPB tacitly admits that, if this case moves forward, this court would be required to rule on the precise issue that is before the Supreme Court in *CFSA*. That makes little sense in promoting judicial economy.[17] This is particularly true given that FAMI indicates

---

[14] ECF No. 15 at 7-9.

[15] *Id.* at 9.

[16] *Id.* at 7-9.

[17] *Cupat v. Palantir Techs., Inc.*, No. 1:22-cv-02384-CNS-SKC, 2023 WL 2585298, at *4 (D. Colo. Mar. 21, 2023) (granting motion to stay where there was a pending Supreme Court case "'squarely on point'" to an issue presented by the plaintiffs' claims); *Ulery v. AT&T Mobility Servs., LLC*, No. 20-CV-02354-PAB-KMT, 2020 WL 7333835, at *2 (D. Colo. Dec. 12, 2020) (granting motion to stay, in part because "the Supreme Court's resolution of the central question presented by [the case before the Supreme Court]" was "'critical' to the resolution of this case"); *Flying J Inc. v. Sprint Commc'ns Co., L.L.P.*, No. 1:99CV111TC, 2006 WL 1473338, at *1 (D. Utah May 22, 2006) ("The court remains convinced that judicial economy will best be served by staying all proceedings in this action until [the Supreme Court's] binding appellate decision on the . . . issue is released.").

that it is prepared to litigate the constitutional issue all the way to the Tenth Circuit if the court denies its motion to stay. Thus, without a stay, the parties, this court, and possibly the Tenth Circuit would be forced to expend resources litigating the exact issue before the Supreme Court. On the other hand, if the court waits for the Supreme Court's decision in *CFSA*, neither the parties nor the court will be forced to go through what could prove to be a pointless exercise.[18]

Staying this case will also help to avoid inconsistent results. Indeed, if the court were to adopt CFPB's position and permit this case to go forward, there is a possibility that this court could resolve the constitutional issue differently than the Supreme Court. Accordingly, these two factors weigh in favor of granting FAMI's motion to stay.

> B. Granting FAMI's Motion to Stay Will Not Create Undue Prejudice or Hardship for CFPB.

Staying this case will not impose undue prejudice or hardship on CFPB. In an effort to demonstrate such prejudice or hardship, CFPB raises two arguments, both of which are unavailing. First, CFPB argues that a stay would hamper its ability to conduct investigations into potential violations of law, thereby threatening the welfare of consumers. However, CFPB does not point to any consumer complaints against FAMI or specific violations of law CFPB believes FAMI has committed. Instead, CFPB relies upon the fact that it issued the CID because it had "reason to believe . . . that FAMI had information relevant to a potential violation of federal

---

[18] *Cupat*, 2023 WL 2585298, at *4 (concluding that "it would be . . . a waste of both parties' time and money to litigate [an issue] only to have to do it all again because the parties and the [c]ourt were proceeding under a legal framework that the Supreme Court may determine does not apply at all" (quotations omitted)).

consumer financial law."[19] That generalized assertion of harm is insufficient to show undue prejudice or hardship.

Second, CFPB argues that its investigation could be impacted in the long term due to the potential diminution of harmed consumers' memories. However, CFPB fails to specifically demonstrate the importance of harmed consumers' memories in this case. Further, even if that issue is relevant, CFPB's argument is directly undercut by the CID, which appears to expect any consumers to recall information as far back as July 1, 2017.[20] Thus, CFPB fails to show that potential diminution of harmed consumers' memories amounts to undue prejudice or hardship. Accordingly, this factor weighs in favor of granting FAMI's motion to stay.

As shown above, all the relevant factors weigh in favor of a stay of this case pending the Supreme Court's decision in *CFSA*. Therefore, the court grants FAMI's motion to stay.[21]

## II. The Court Denies as Moot FAMI's Motion for an Extension of Time to Respond to the Petition.

Given that the court has granted FAMI's motion to stay, the court denies as moot FAMI's motion for an extension of time to respond to the Petition. The parties are directed to file a joint status report within 14 days after the date of the Supreme Court's decision in *CFSA* to inform the

---

[19] ECF No. 15 at 5 (quotations and citation omitted).

[20] ECF No. 1-3 at 14 of 51 (providing that the applicable period for responsive materials to the CID is July 1, 2017, to the date of the CID).

[21] The court is mindful that FAMI, as the party seeking a stay, "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage" CFPB. *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (quotations and citations omitted). Because CFPB has failed to show any possibility of specific damage that would result from a stay, FAMI is not required to make that heightened showing here.

court of the status of this case and their intentions to proceed. Upon receipt of that report, the court will, if necessary, set a deadline for FAMI to respond to the Petition.

## ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS:

1. FAMI's motion to stay the Petition[22] is GRANTED.

2. This case is STAYED pending the Supreme Court's decision in *CFSA*.

3. FAMI's motion for an extension of time to respond to the Petition[23] is DENIED AS MOOT.

4. The parties must file a joint status report within 14 days after the date of the Supreme Court's decision in *CFSA* to inform the court of the status of this case and their intentions to proceed.

5. Upon receipt of the parties' joint status report, the court will, if necessary, set a deadline for FAMI to respond to the Petition.

IT IS SO ORDERED.

DATED this 28th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[22] ECF No. 8.
[23] ECF No. 9.